IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

LENVEL A. SPENCER,

    Petitioner,

v.                            Case No. 2:04-cv-01027

JAMES IELAPI, Warden,
Pruntytown Correctional Center,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On September 20, 2004, Petitioner, who is incarcerated at the Pruntytown Correctional Center in Pruntytown, West Virginia, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket sheet document # 2). Pending is Respondent's Motion to Dismiss the Petition as Untimely (# 7), filed on October 15, 2004. This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On December 4, 1996, Petitioner was indicted by a Putnam County Grand Jury on one count of daytime burglary, one count of entering without breaking, and one count of grand larceny (Case No. 96-F-85). Pursuant to a plea agreement, Petitioner pled guilty to all three counts as charged in the indictment. (# 7, Ex. 1, "Plea Agreement" and "Guilty Plea"). By Order entered February 25, 1997,

Petitioner was sentenced to serve 1-15 years on the burglary count (Count One) and 1-10 years each on the entering without breaking and grand larceny counts (Counts Two and Three). Counts Two and Three were to run concurrent to one another, but consecutive to Count One. (Id., 2/25/97 Order).

According to Respondent's Motion to Dismiss, Petitioner did not appeal his conviction to the Supreme Court of Appeals of West Virginia (the "SCAWV"). Thus, Petitioner's judgment became final on or about June 25, 1997.

Petitioner did not file a petition for a writ of habeas corpus or any other post-conviction relief in the Circuit Court of Putnam County. However, on September 29, 2003, Petitioner, proceeding pro se, filed a Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV. (Case No. 032119). The petition was refused by Order entered May 27, 2004. (# 7, Ex. 2). Petitioner then filed the instant section 2254 petition on September 20, 2004. (# 2).

## ANALYSIS

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

2

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent's Motion to Dismiss asserts that the statute of limitations for filing a section 2254 petition concerning Petitioner's conviction began to run on June 26, 1997 and expired on June 26, 1998. (# 7 at 4-5). Respondent further asserts that "[n]o event occurred during this period of time that would have tolled the statute." (Id. at 5). Thus, Respondent moves to dismiss Petitioner's section 2254 petition, which was filed on September 20, 2004, as untimely.

Petitioner has filed a "Reply to Respondent's Answer on Timeliness" (# 9) in which he states that "[t]here is no limitation on filing a habeas corpus in the State Courts pursuant to the provision in §53-4A-1 of the West Virginia Code." (Id. at 1). As a result, Petitioner contends that the one-year limit began on May 27, 2004, the date that his original jurisdiction petition for a

3

writ of habeas corpus was refused by the SCAWV. Petitioner states, that "[t]he writ is timely filed, and should be allowed to be heard by Court, and allowed to proceed." (Id.)

Petitioner's assertion that the one-year period runs from the date that his original jurisdiction petition for a writ of habeas corpus was refused by the SCAWV lacks merit. While it is true that there is no time limit for filing a habeas corpus petition in the State courts of West Virginia, this fact has no bearing on the time limit for filing a petition in Federal court.

As clearly stated in 28 U.S.C. § 2241(d)(1)(A), the one-year statute of limitations begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Petitioner's conviction became final on or about June 25, 1997, and Petitioner has not claimed that any of the other provisions of section 2244(d)(1) are applicable. Thus, the one-year limitation period began to run on June 26, 1997.

Although "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," 28 U.S.C. § 2244(d)(2), Petitioner did not file any applications for post-conviction or other collateral review within one year after June

4

26, 1997.[1] Therefore, as asserted in Respondent's Motion to Dismiss, the one-year period expired on June 26, 1998.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition, filed on September 20, 2004, is untimely. It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition as Untimely (# 7).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a

---

[1] Petitioner's original jurisdiction petition was not filed in the SCAWV until September 29, 2003; therefore, it did not toll the statute of limitations.

5

waiver of appellate review by the circuit court of appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

    May 4, 2005
       Date

Mary E. Stanley
United States Magistrate Judge